UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLANDO HERNANDEZ-ZAMORA,<br><br>Petitioner,<br><br>v.<br><br>NAPIER,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 23-cv-12663-DJC<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**CASPER, J.**                                                                                November 27, 2023

*Pro se* litigant Rolando Hernandez-Zamora, who is a pretrial detainee confined at FMC Devens, has filed a petition under 28 U.S.C. § 2241 in which he asks that criminal charges against him pending in the United States District Court for the District of Alaska, see United States v. Hernandez-Zamora, Crim. No. 21-cr-00062 (D. Alaska), be dismissed.  D. 1.  As alleged by Hernandez-Zamora, his continued detention is in violation of 18 U.S.C. § 4241(d), which provides that, where a defendant is found to be incompetent to stand trial, the Attorney General "shall hospitalize the defendant for treatment in a suitable facility – (1) for a reasonable period of time, not to exceed four months," to determine whether he can be restored to competency.  18 U.S.C. § 4241(d)(1).  Hernandez-Zamora represents that he has been committed under this statute for more than four months.  D. 1 at 6.

The Court DENIES the petition without prejudice. Whether Hernandez-Zamora's detention contravenes 18 U.S.C. § 4241(d)(1) is a matter for the judicial officer pending over the criminal action, rather than for this Court.  See, e.g., Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir. 2018) (stating that "[i]t is well settled that in the absence of exceptional

circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial" (quoting Jones v. Perkins, 245 U.S. 390, 391 (1918))); Whitmer v. Levi, 276 Fed. App'x 217, 219 (3d Cir. 2008) (per curiam) (ruling that petitioner's "claims relating to pending criminal charges should have been raised in his criminal case, not a habeas petition under 28 U.S.C. § 2241"); Garey v. Fed. Det. Ctr., 180 Fed. App'x 118, 121 (11th Cir. 2006) (per curiam) (affirming dismissal of § 2241 petition because petitioner's claims "should have been raised in his pending criminal case").

For the foregoing reason, the Court DENIES the petition without prejudice.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge